This is case number 1-18-0190. People of the State of Illinois versus Ashby. My name is Nathaniel House. I'm a justice on the appellate court and presiding on this case with me are Justices Margaret McBride and Justice Dave Ellis. We're conducting this hearing via Zoom because of the COVID crisis and that's why we're doing it this way. Could the parties who are representing making a presentation today please state their names and the parties that they represent. Good morning your honors. My name is Aliza Kaliski from the Office of the State Appellate Defender. I represent Travis Ashby. Good morning. Assistant State's Attorney Noah Monskio on behalf of the people. We're gonna proceed as follows this morning. We're gonna give each side in turn 10 minutes of uninterrupted statement. That'll be followed by questions from the panel. At the end we'll allow the appellant to make a short rebuttal. This morning we have three cases on the call and so we're normally flexible with our time but today we're gonna hold you to it pretty much so we won't be rude to the parties that are coming after you. So does anyone have any questions about the procedure we're gonna follow? No. Okay. Okay with that Ms. Kaliski you may proceed. It's your pleasure. Good morning again your honors. May it please the court. Aliza Kaliski from the State Appellate Defender on behalf of Travis Ashby. Travis Ashby was 22 years old at the time of this offense and he received a 48 year de facto life sentence. This appeal is from the summary dismissal of his pro se post conviction petition alleging that his sentence violates the United States and Illinois Constitution. This court should reverse that summary dismissal because it was at least arguable that his sentence violates either or both of those constitutional provisions as applied to him under Miller versus Alabama and its arguable that the judge did not consider his youth and its attendant qualities in sentencing Ashby. As this court knows a first stage post conviction petition can be somewhat summarily dismissed only if it is frivolous or patently without merit. At this stage the defendant is not required to conclusively prove his claim. It's just whether the claim has an arguable basis in fact or law. And here at the Illinois Supreme Court has said in people versus Harris at a defendant who's over 18 can argue that Miller and its progeny should apply to him that his sentence is unconstitutional as applied to him but that the defendant needs to create a record to support that claim. And that is what Ashby is seeking here. Simply a remand for second stage proceedings in the appointment of counsel at which they can develop the record to establish that his brain was more similar to that of a juvenile at the time of the offense and that therefore his sentence is unconstitutional as applied to him. As this court undoubtedly is aware the the brain development science is rapidly evolving and the United States Supreme Court and this court have cited brain development studies showing that an individual's brain does not finish developing until one's mid-twenties and that the last part of the brain to develop is the part dealing with impulsivity the ability to really think one's actions through and susceptibility to peer pressure. And so here in this case Mr. Ashby was 22 so his brain at least arguably falls within that category. And other countries have you know including Sweden go even up to that his brain was more like that of a juvenile therefore has some basis in fact an arguable basis in fact. And he alleged additionally in his petition that if he had a minor criminal history it was mostly drug-related and there is as the District of Utah has noted that drug use in one's adolescency even more weighs on the ability to assess or evaluate risk. He also alleged that the pre-sentence report which this court can consider addresses that his mother had him when she was approximately 18. He didn't see his father after age two. He'd been expelled from high school because the school felt he wasn't trying even though he was in learning disabled classes. And there was evidence at trial that suggested his IQ put him in at least the borderline disability range. And all of those factors you know are support an arguable basis in fact to suggest at this point that he could show that his brain was more like that of a juvenile. And I'm obviously aware of House in which this court recognized that 18 is not a bright-line rule. And so it is very much a fact-dependent individual defendant circumstantial consideration. And I will briefly note as well that the state's brief relies most heavily on people versus Handy. And this court should acknowledge is that Handy was an appeal from a successive post-conviction petition. The defendant there was denied leave to file that petition. So he had to make a prima facie showing of cause and prejudice. And the Illinois Supreme Court has made clear that's a higher burden than the gist standard that this court will apply to Mr. Ashby's petition. And second I think more importantly there the defendant specifically said in his briefs there's no need for an evidentiary hearing. Go right to the ultimate issue give me a new sentencing hearing. And that's not at all what we're asking for here. All we're asking for is remand for second stage post-conviction proceedings and the appointment of counsel to develop that record. I think you know briefly I'll sum up here and I'm sure this court has questions. The state's ultimate argument is that Ashby needs to point to a case that's directly on point. And the law on this in this area is rapidly evolving. The science is evolving. And because of those things our standards of decency are also involved evolving. And so ultimately given the claim that Miller and its progeny could perhaps be applied to Ashby after a full development of the record in the trial court. And I look forward to this court's questions. Justice McBride do you have any questions? Yes I do. Good morning Ms. that says for a juvenile a 40 year set of 40 anything 40 and below is not a life sentence but anything above that is. How do we correlate and say here or do we even have to say here that the 48 year sentences is a de facto life for an adult for a 22 year old. Don't let's not call him an adult let's let's say for a 22 year old. Does it matter? I think you know Buffer obviously speaks to juveniles and not the emerging adult situation but you know I think if anything the 48 year sentence is even more so of a de facto life for him because his earliest opportunity for release is when he's 71 without any ability to show the maturity or rehabilitation that many individuals as they age the impulsiveness and recklessness decreases. So I think the the other thing and answer to your question too is on remand if he's actually able to show that his brain is similar to that of a juvenile you know he might also raise a challenge to the sentencing range below. I mean if he can show ultimately that his brain is like that of someone under 18 then for someone who is under 18 at the time of the offense firearm add-ons are now discretionary. So I think that Buffer I think speaks somewhat to it but we're because of this evolving nature of the law we're sort of in a brave new world of we don't know exactly. There's a first district case people versus Rivera did not allow for a successive I believe it was a successive PC forward with a 23 year old there's a and there's a second district case people versus Suggs which also did not allow a I'm not sure if that was successive or not written by Justice Burkett that did not allow a 23 year old to go forward. But those cases were decided recently. Are we going what you know at some point a line is always drawn that's what seems to be the issue here but do you think that 20 a 25 year age group is that still a young adult is that still an evolving I mean isn't the scientific evidence out there that the develop actually for males until the age of 25? The science at this point demonstrates exactly that the brain continues to develop up until one's mid 20s which would be about 25 and because it's an as applied challenge it's always going to depend on the individual defendant and facts of the case and his own personal background so I understand this court at some point will have to draw a line but you know Harris does indicate that you know it's not going to draw that line at this point for an as applied challenge just because again the law and the science are so rapidly evolving and changing but I certainly think you could have a 25 year old for instance with some sort of brain development issue perhaps who had sustained a brain injury or something like that where his brain really might be more like that of a juvenile and it would very much depend on the facts of that particular defendant. In this case you believe the petition as it stands does suggest that he has arguably a an as applied challenge because of his the examinations regarding his IQ that he has he's at a disability level that is rather low and then you have all these other factors so you would agree that those things have to be in the petition at least at our level to allow it to go forward. Well I certainly you know he certainly has shown enough here I would argue because he's got you know the information about his IQ he's got some allegations about his own personal you his home environment was sort of tumultuous and he includes a couple of printouts of social science. I think you know it's it's a tricky balance just because you are dealing with the pro se defendant who's not going to have access to a neurobiologist or a neuropsychologist to meet that at the first stage but certainly here I think he's alleged enough and I think a defendant who at least said something about himself and in addition to his age I think would meet that just standard. All right that's all I have at this time. Thank you Justice. Justice Ellis. Thank You Justice House. Bear with me if you hear background noise I have construction going on I'm trying to keep it on mute I also have three kids in now at home so I apologize if there's too much outside noise but so counsel how does this in practice work if if we were to come to the conclusion that your client should be able to raise an as-applied challenge you're at the first stage of post conviction which means that by practice you go to the second stage next but that if we're saying that this guy's entitled to make a record the second stage is a formality right I mean the the the lawyer will clean up the petition but I mean it's it's a foregone conclusion that this person's gonna get a hearing. Does the hearing happen then at the third stage? Does the third stage post conviction judge become the sentencing judge or does the third stage post conviction judge simply say there's enough here to send it back to the original trial judge for a hearing? I'm not sure how this works. To be honest with you your honor I'm not entirely sure either. In this case the trial judge has retired so it would be a different judge than the trial judge in any event. At a third stage hearing you would have you know some evidence and the defendant's brain development and then I think then I think it's really the post conviction judge could say you know all right let's get a new PSI and go to a new sentencing hearing at which it's basically a regular sentencing hearing but the sentencing range would look different or you know perhaps the post conviction judge could essentially hold that hammer herself. I think we're the cases that have sent these cases back at this point I believe are mostly the cases where the defendants have been resentenced I believe are mostly juvenile cases and in those cases I believe they've just gone to an evidentiary hearing at which point a new sentence is pronounced at the end but you know I think the post conviction judge would have a lot of discretion down below at that hearing and how it was run and how he or she wanted to conduct that hearing. Okay yeah that I suppose I suppose it could work that way that the post conviction judge could just come to the conclusion that a new hearing a new warranted but I'm just not sure what the standard would be. What is what is our standard here how much should somebody in your clients position have to show right now I mean what what if the sentencing hearing in your client's case was so sparse either because the maybe because his defense counsel below didn't try to argue any of this stuff didn't say anything about the mental state or the immaturity or the end of underdeveloped brain didn't say anything about that at all does that client coming into post conviction just by virtue of the fact that he's close to the age he or she is close to the age of 18 and got a de facto life sentence do they just automatically get to make this argument and get an advance to a third stage is there is there a principled limitation on how much they have to put in this post conviction petition and if is what is that limitation well they need to you know I think the the cases thus far that have come out at least for successive petitions you know the court thus far said you can't just say I was young you need a little something more but again you're up against that balance of it's also a pro se defendant I think a of his age and brain development and all that didn't come up you know I think a petition in which he says none of this was considered and even just explains a little about why he believes his brain was more like that of a juvenile would meet that standard and that's you know that is what mr. Ashby did here you know he cited some of the scientific articles he explained a little about his demonstrates that none of those sort of Miller youth attendant circumstances were considered as part of that hearing so that you know I think because this court can also look at the trial transcript and as part of the post conviction record and this court has that to its at its disposal as well okay okay I have no further questions Thank You Kathy I think everything has we can move on to mr. Montague thank you all right thank you well good morning may it please the court assistant state's attorney no amount to you on behalf of the people in this matter your honors this was a first degree murder case gang-involved shooting where a 22 year old the petitioner made two conflicting statements both of which agreed that he was present at the shooting he was armed and that he fired a gun and one of the shoot at the victim the other statement he did he was convicted obviously and he was received a sentence of 48 years the state maintains that this case was properly dismissed at the first stage in order to state the gist of a claim there has to be some cognizable claim to state and that goes on even under the first stage whereas in cases like people versus Hodges the court has said that the record if the record contradicts the claim it can disprove the claim and make the cream render the claim frivolous so for example just because someone can state a jury instruction error doesn't mean that they pass the first stage if they had a bench trial so there has to be some sort of something there you can't just state anything someone who is 50 years old at the time of the offense can't make a Miller claim and here the 8th amendment claim that the petitioner has made is just that because no court has yet recognized a Miller 8th amendment claim above the age of 18 and in fact people versus Harris was very clear that 18 is the line on the 8th amendment and most notably the cases cited by petitioner Johnson and Ruiz said that the 8th state agrees with those cases on that point at least there is a scientific consensus and a legal consensus that are moving in these areas then they're not moving in lockstep but what you notice in in these things is that there is one clear thing and that is that there's no movement above the age of 21 and what you see is that in the state of Illinois we've changed our laws to match Miller and its progeny and we change them to make juveniles up to 18 and we change some of the probation laws up to age 21 but we didn't change anything above the age of 21 and you'll notice that of all the examples cited by petitioner there's only one country in the entire world that treats anyone above the age of 21 as a juvenile and that's Sweden I believe every other country in the entire world treats everyone above 21 as an adult so that one country is very much an outlier not not the sign of a consensus or a change or a trend but an outlier as far as people above 21 though there is no currently no 8th amendment claim for people above 21 and the people maintain that the 8th amendment claim here was properly dismissed because of that as for the proportion of penalties claim the state would ask this court to follow people versus Leon Miller instead of the cases of Johnson or and Ruiz on the portion of penalties case on this point the state maintains that Johnson and Ruiz were wrongly decided and that they did not follow people versus Leon Miller and the reason is is that people versus Leon Miller made a strong basis of its holding the fact that the defendant was convicted of accountability under an accountability theory and that his level of culpability did not match the sentence that was a the basis of that opinion and most notably on page 337 of that opinion the state argued that that in Leon Miller that the previous Supreme Court cases had already decided the constitutionality of that sentence under the proportion of penalties clause but what the court said was well we have decided it for principles but we haven't decided it for people who were were accountable and the court said that that was still an open question in Leon Miller and then obviously the court went on to answer it and to say that the sentence as applied was unconstitutional as to that defendant because the level of culpability of the court called him the quote least culpable offender imaginable here we do not have that we do not have the special circumstances that existed in Leon Miller and so that the excuse me the proportion of to this petitioner because Leon Miller does not apply to him because those special circumstances aren't present this isn't the least a couple culpable offender imaginable this isn't a 15 year old with one minute to decide whether or not to be a lookout and then you'll notice in house as well that house actually follows Leon Miller even though it expands it house expands it to a 19 year old but what house does is the same thing that Leon Miller did which was to take a young lookout that had a short time to decide whether or not to be involved in an offense and a very little low level of culpability for his participation in that offense and then received a very harsh sentence and the court said that under the proportionate penalties clause under Leon Miller that that did not fit the offense and was unconstitutional here we do not have that here we do not have those special circumstances and so the state maintains that this court should follow people versus Leon Miller and find the proportionate penalties clause does not apply to him and really what the defense is or the petitioner is asking here is to expand those cases of Johnson and Ruiz the people above 21 and the state would just again point out that there's only one country in the entire world that follows that that request and the Illinois the second state thank you thank you justice McBride do you have questions yes I have a few I think mr. Monague you're probably suggesting to us and you know you can correct me that but that the cutoff should be about 21 that if it was going to allow these initial petitions to go forward the line should be drawn at 21 that's correct I'm going to ask you to concede that but but there's certainly enough information out there that might suggest that you know as long as we're at 21 or under there might be an as-applied challenge to the proportionate penalties I agree with you the Eighth Amendment question here is you know has been decided by our Illinois Supreme Court was bound by that did should I rephrase I mean would you yes I that I believe it what your honor stated is correct is that the Eighth Amendment is foreclosed and that 21 does appear to be the consensus age of cutoff at this point I mean you you would agree I think you probably have to agree that the state's attorney's office and the state appellate defender's office have entered into summary remand agreements for individuals under 21 to go back and let the post conviction proceeding go forward are you aware of those cases yes and your honor the state's position here is that this case is different because this was both a principal and a 22 year old all right what about the other his family setting but in addition there was evidence in the record he was examined and his IQ is at a very very low level there were other indicators he was in classes that were for well at least there was evidence that he wasn't in regular classes he I'm at a loss for the words but there was there are these other indicate indicators in his own petition that he should have be able to move forward on this particular claim not simply you know because he's above the 21 but he has other things should we should we look at those allegations do they make a difference your honor the state's position would be that this court should of course look at those allegations but the state's position is that one that the learning disabled portion of it was already considered by the court below and I believe the Illinois Supreme Court is very recently I know we didn't get into this but they people versus Cody is a recent Illinois Supreme Court case that deals with people with a low IQ and resentencing and the people would would rely on that as far as what this court should do and consider for those issues do you think that the 48-year sentence is a de facto life sentence regardless of a person's age no and the state agrees with what your honor said earlier is that that's de facto life for a juvenile but it's not de facto life for an adult well I didn't say it wasn't I said is a de facto life it didn't discuss what is a de facto life for any individual there are those that would certainly argue that a 45 year sentence for murder with a handgun where there's a hundred percent time is in fact a de facto life sentence if you're 25 and you get a 45 year sentence the earliest release you have is at age 70 there are there are certainly cases that indicate that is a de facto life sentence so I don't want to be misquoted there okay I know that's my fault and that's all right I just I don't it seems that some of the cases haven't really talked about or honed in on what is a de facto life for anyone over 21 now our legislature has recently changed the idea of parole and we're back to that for offenders under 21 who don't commit a double murder those offenses that would normally be mandatory life but we have this movement now that indicates the legislature clearly considers someone under 21 someone who should have be able to avail themselves of having a parole hearing after serving 20 full years and and Illinois was you know behind a number of states number of states have already done that are you aware of other states now that are actually considering moving back to the idea of parole and that individuals after serving 20 or 25 years should regardless of their age should have the ability in certain cases I'm not talking about multiple deaths but in certain cases should have that ability and doesn't this movement sort of reflect what the defendant is is suggesting here your honor the I'm not aware of other states and what they're doing with parole but I did notice the what Illinois's changes were made and and would just note that those changes were made to 21 and under all right and I do think not that we're looking at other countries I think that more than Sweden there are other countries in this world of ours that consider offenders between the ages of 20 21 and 25 still young adults and you know that their cases should be handled or considered individually so but I'm not I'm not gonna get into that right now anyway those are all the questions I have right now thank you justice Ellis I have no questions thank you mr. money you for your very good presentation no questions okay all right you mentioned earlier the case where the 50 year old who had mental deficits and the court made a ruling that Miller didn't apply is that right yes people versus Cody that's pre versus Cody and really what we're talking about on a first stage petition is whether or not the petition itself is indisputably meritless correct and here we have a question for a 50 year old that went all the way to Illinois Supreme Court and what we're presented with here it's the issue of whether or not a 22 year old who is has a lower than normal IQ and he wants to present scientific evidence that he should be giving consideration on this sentence and what he's saying is that my petition is not indisputably meritless and how can you say that when we just had a case go all the way to the Supreme Court with a similar argument except you know the age if issue well the one thing the state would say it would just be the ruling in Cody was that even though it got there it the the ruling was in the state's favor but your honor I mean that the first stage petition is always a very tough argument there's just no question of that so it's it's really a question of is there a claim and the state maintains that there is no Eighth Amendment claim and that the proportion of penalties claim could be there if it the case was more likely on Miller but because that this this petitioner was not accountable that he was a culpable offender that he was one of the principles that the proportion of penalties clause does not apply to but you know we're looking at a first stage and he says I can present evidence that I should be held less culpable because the IQ is lower than normal and his brain hadn't fully developed how can we say that it's how can you argue that is indisputably meritless it didn't Harris invite up invite a evidentiary hearing just on these same issues yes it did but that was for a 19 year old your honor I limit on this say well this is it's just premature when you do the as applied but it should be brought up in another hearing here this gentleman is saying I have evidence that I can present which would show that I'm less culpable and shouldn't have gotten a 48-year sentence how can we at this point say that it's indisputably your honor it's the state's position is the same it's that there isn't a proportion of penalties clause there isn't an Eighth Amendment claim here and there isn't a proportion of penalties clause case because of the dissimilarity to leak people versus Leon Miller and in Leon Miller where the court said that other cases had come before that dealt with principles and I believe that dealt with an accountable adult under similar circumstances and had found that the the sentence didn't shock the moral conscience the court said that that was the question was decided as to those matters but it was only as to a young defendant who was accountable who was a lookout who wasn't culpable that the sentence could shock the moral conscience here we simply don't have I don't have any other questions Justin McBride justice Ellis anything else okay mr. Linsky short rebuttal if any sorry about that one day I'll figure out on muting just a few points your honors you all we're asking here as Justice House is pointing out is whether this claim is indisputably meritless and I'd briefly address a couple of points the first being and the state treats Ashby as merely as a principal in this case that's not actually necessarily what the jury found state originally charged this case with the 25-year add-on or personal discharge approximately caused death they didn't proceed on that theory at trial and the jury sent out several notes during deliberations asking about the scope of legal responsibility and expressing discomfort with the idea that Ashby could be found equally as culpable even if he didn't fire the fatal shot so I think you know that's a relevant consideration that puts this case closer to the house and Miller end of the spectrum and the state is suggesting I think also the states the state notes that this is a gang case but gang membership in set to some extent especially for someone with an IQ a full scale IQ of 71 if that speaks to the peer pressure and inability to necessarily think through consequences and foresee what your actions might cause so I think that's this is a defendant who was reading at a second or say that he's not at all those circumstances don't even amount to an arguable claim ignores that entirely and my last point for this court is simply that and the state agrees that the scientific and legal consensus is moving and it says well it's stopped at 21 but you know as all as your honors know even five or ten years ago if the Illinois legislature had not it raised the age to cover juvenile jurisdiction we we didn't have this new parole system for defendants who were emerging adults to seek parole down the line you know we didn't have the ability for instance to make the firearm add-ons discretionary for juveniles so the law and the science are rapidly changing and in a case where the defendant was 22 but you're reading and writing at a second or third grade level the IQ that you know put some squarely in borderline territory and in a case where he explains at least some of his background his tumultuous childhood his learning disability classes his and the fact that his mother was I believe 18 when she had him and he didn't see his father after to all of that are the special circumstances that make his claim at least arguable and merit this courts reversal of the summary dismissal and remand for second stage proceedings where he can with the assistance of counsel develop this claim thank you based on that any other questions justices McBride and Ellis but thank you the case was well argued and well briefed to be taken under advisement and a decision will be issued in due course thank you very much